IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB LIPPELLO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:25-cv-1137 |
| | ) | |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| FRANK BISIGNANO,[1] | ) | Re: ECF No. 11 |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Pending before the Court is Plaintiff's Motion for Summary Judgment, ECF No. 11, appealing the decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for Child's Disability Benefits ("CDB") under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1382 et seq.  The Commissioner has filed a Brief in Opposition to Plaintiff's Motion for Summary Judgment. ECF No. 13.[2]  Plaintiff did not file a reply.

Upon consideration of the parties' respective positions, and after reviewing the final decision, the Court affirms the Commissioner's decision.

## I.    BACKGROUND

Angela Boyer, Plaintiff's mother, filed an application for benefits for her minor child on September 14, 2021. AR at 398-407. The application was denied initially on December 2, 2021,

---

[1]    Frank Bisignano is substituted as the defendant in this matter pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

[2]    Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed.  ECF No. 10.

AR at 188-192, and on reconsideration.  AR at 194-196. A telephonic hearing was held before ALJ John Porter on November 9, 2022. AR at 173. At that time, Plaintiff and his mother both testified and medical evidence was submitted, and on December 20, 2022, Judge Porter issued an unfavorable decision. AR at 170-181. That decision was timely appealed, and, by decision dated December 4, 2023, the Appeals Council remanded the matter with specific instructions regarding the assessment of evidence. AR at 182-187. Those instructions included giving further consideration to the medical source opinions provided by Plaintiff's treating providers, as well as others of record, and to further evaluate Plaintiff's impairments, providing specific findings and rationale with specific references to evidence of record for the findings of whether these impairments met, equaled, or functionally equaled a listing contained in the Listings of Impairments.  AR at 185. The Appeals Council cited:

> In October 2022, Dr. Gurtunca completed a medical source statement and opined the claimant requires, in relevant part, 24-hour supervision for his diabetes and eating habits. The Administrative Law Judge found this opinion mostly persuasive, stating that the claimant's continual maintenance of his condition would likely have at least a less than marked limitation in health and physical well-being. However, if taken as persuasive, this portion of the opinion would indicate that the claimant functionally equaled a listing. Specifically, 24-hour-a-day supervision for medical reasons is an example of functional equivalence in 20 CFR 416.926a(m) and is an example specifically cited in Social Security Ruling 14-2p, pertaining to evaluating diabetes, as something indicative of functional equivalency to Listing 109.08. Further consideration should be given to this opinion evidence.
>
> In addition, the decision does not address a similar opinion at Exhibit 6F completed by PA-C Nino. Consideration should be given to this evidence.

AR at 184 (internal citations omitted).

On remand, Plaintiff's claim was reassigned to ALJ Sarah Ehasz, who held a hearing on June 14, 2024. AR at 333-348. At that hearing, Plaintiff and his mother both testified, and additional medical evidence was submitted to supplement those exhibits that had been before

ALJ Porter. On August 21, 2024, ALJ Ehasz issued an unfavorable decision, again denying Plaintiff's claim for child's benefits. AR at 16-33. This decision was timely appealed and additional records submitted to the Appeals Council. On June 2, 2025, the Appeals Council affirmed the ALJ. AR at 1. After Plaintiff submitted additional evidence for review, the Appeals Council found one of the submitted records to be duplicative of an earlier exhibit[3] and that the other evidence[4] "does not show a reasonable probability that it would change the outcome." AR at 2.

Thereafter, Plaintiff filed an appeal with this Court, seeking judicial review. 42 U.S.C. § 405(g).

On appeal, Plaintiff argues that: 1) the ALJ erred in assessing the medical opinions in the case, failing to find that Plaintiff's Type 1 diabetes functionally equals the severity of the Listings; and 2) the Appeals Council erred in failing to exhibit and consider the additional records concerning Plaintiff's treatment and symptoms and should have reversed the denial of benefits or remanded to the ALJ for further consideration of those records.

## II.    STANDARD OF REVIEW

Judicial review of a social security case is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See 42 U.S.C. § 405(g); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues and reviews the ALJ's findings of fact to determine whether

---

[3]    Specifically, the Appeals Council did not exhibit medical records from UPMC's Children's Hospital of Pittsburgh dated June 24, 2024, which consisted of 50 pages. AR at 2.

[4]    This evidence consisted of medical records from UPMC Children's Hospital of Pittsburgh dated July 4 through August 8, 2024. AR at 2.

they are supported by substantial evidence); <u>Matthews v. Apfel</u>, 239 F.3d 589, 592 (3d Cir. 2001). If the district court finds this to be so, it must uphold the Commissioner's final decision. <u>See</u> <u>Rutherford v. Barnhart</u>, 399 F.3d 546, 552 (3d Cir. 2005). Substantial evidence is "more than a mere scintilla," and "such relevant evidence as a reasonable mind might accept as adequate." <u>Burnett v. Comm'r of Soc. Sec.</u>, 220 F.3d 112, 118 (3d Cir. 2000) (citations omitted).

Following review of the entire record on appeal from a denial of benefits, the court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Social Security Act provides:

> An individual under the age of 18 shall be considered disabled for the purpose of this title if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(c). Here, Plaintiff was an adolescent (age 12 to attainment of age 18) during the relevant period—the SSI application date through the date of the ALJ's decision. AR at 20; <u>see</u> 20 C.F.R. § 416.926a(g)(2)(iv).

Under the Social Security Act, the SSA must apply a three-step sequential evaluation process to determine if a child under the age of eighteen is disabled. 20 C.F.R. § 416.924(a). A child under eighteen is eligible for SSI benefits only if: (1) he is not performing substantial gainful activity; (2) he has a medically determinable impairment or combination of impairments that is severe; and (3) the impairment or combination of impairments meets, medically equals, or functionally equals the severity of one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.924.

III.    DISCUSSION

A.    The ALJ's Decision

At the outset, the Court notes that at step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the application date of August 24, 2021. AR at 20, applying 20 C.F.R. § 416.924(b).

At step two, the ALJ concluded that Plaintiff has a non-severe health impairment of obesity, and a severe impairment of diabetes mellitus. AR at 20, applying 20 C.F.R. § 416.924(c).

As for step three, diabetes mellitus ("DM") was removed as a listed impairment in 2011. Lindemeyer v. Saul, No. CV 19-8781 (FLW), 2020 WL 3397287, at *9 (D.N.J. June 19, 2020). In its place, the Commissioner promulgated SSR 14-2p, to provide information about the kinds of impairments and limitations that result from diabetes mellitus. It also provides guidance on how the Court should evaluate DM under Titles II and XVI of the Social Security Act. SSR 14-2p: Titles II and XVI: Evaluating Diabetes Mellitus, SSA POMS DI 24570.005. Moreover, according to SSR 14-2p, an ALJ should consider a claimant's diabetes in combination with obesity, as the regulation provides: "a person with [diabetes] and obesity may have more severe complications than the effects of each of the impairments considered separately." Id. If the child's impairment does not medically meet a listing, the examiner must determine whether the impairment functionally equals a listing. An impairment or combination of impairments functionally equals a listed impairment if it causes a "marked" limitation in two of six domains of functioning or an "extreme" limitation in one of those six domains. 20 C.F.R. § 416.926(a).[5] The six domains are: (1) acquiring and using information, (2) attending and completing tasks, (3)

---

[5]    A "marked" limitation "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i).

interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

Here, the ALJ found that Plaintiff did not meet, medically equal, or functionally equal a listing, finding and Plaintiff had no limitations in the domains of: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, and (5) caring for himself; further, the ALJ found Plaintiff had less than marked limitations in health and physical well-being.  AR at 26.

**B.    Whether Plaintiff's Type 1 Diabetes Meets, Medically Equals, or Functionally Equals a Listing**

Plaintiff first argues that the ALJ erred in considering his diabetes under the functional equivalence analysis, and that the ALJ ignored the 24-hour supervision provision in the Social Security Ruling ("SSR") 14-2p and related statements in the record.  ECF No. 12 at 17.

To evaluate a child for disability, the Commissioner secures information from sources who can elaborate on his or her impairments and functioning. 20 C.F.R. § 416.926a(b)(3). These can include medical sources, parents, teachers, and others who see a child often and can describe his or her functioning at home, in childcare, at school, or in the community. 20 C.F.R. § 416.926a(b)(3). The Commissioner then takes this information and compares the child to the typical functioning child of the same age who does not have impairments. 20 C.F.R. §§ 416.924a(a), 416.926a(f)(1); see also SSR 09-1p (laying out the "Whole Child" approach to childhood disability analysis). In making this comparison, the Commissioner looks to whether a child is doing the same things that other children his or her age typically do or whether limitations exist in performing such activities because of the child's medically determinable impairment(s). 20 C.F.R. § 416.924a(b)(3)(i).

6

In addition, the Commissioner must evaluate how well a child can "initiate, sustain, and complete" activities. 20 C.F.R. § 416.924a(b)(5)(i). The Commissioner also accounts for extra help needed from other people, special equipment, adaptive devices, medications, or structured supportive settings. 20 C.F.R. § 416.926a(b)(5)(ii)-(iv). Evidence from the child's school, such as teacher's comments, early intervention and special education programs, accommodations, and attendance and participation, are all considered in determining how a child compares to other, non-impaired children of the same age. 20 C.F.R. § 416.924a(b)(7).

Here, the ALJ correctly applied these standards. AR at 21-26. She considered evidence of Plaintiff's daily activities, teacher questionnaires, medical source opinions, medical treatment notes, and statements from Plaintiff and his mother. One of Plaintiff's teachers stated that Plaintiff had no limitations in acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, or caring for himself, and further, was unaware of any chronic or episodic conditions that interfered with Plaintiff's functioning at school. AR at 25, 442-49. Another teacher believed Plaintiff had no limitations. AR at 25, 508-15. Moreover, as the ALJ noted, Plaintiff engaged in age-appropriate activities such as completing schoolwork in normal classes. AR at 22, 129-31.

In addition, the ALJ found persuasive the opinions of Mary Wyszomierski, M.D., and Sanjay Gandhi, M.D., both of whom opined that Plaintiff had less than marked limitations, AR at 160-62, 167-68, explaining that these opinions were supported by and consistent with the record including Plaintiff's generally unremarkable physical examinations and ability "to generally take care of his diabetes independently." AR at 25.

Plaintiff argues that the ALJ ignored the specific provision in SSR 14-2p that a requirement for 24-hour supervision will functionally equal the listings, highlighting record

7

evidence from Dr. Nursen Gurtunca and Physician's Assistant Nino who both endorsed the need for Plaintiff to have 24-hour supervision for medical reasons, although Plaintiff admits neither found he had marked limitations in the functional domains provided for in the Ruling. ECF No. 12 at 18. Plaintiff cites to his hospitalizations for diabetic ketoacidosis, his snacking, his obesity, his need for a 504 plan at school, and his mother's testimony about how much she helps him and monitors his insulin and meals.  Id. at 19.

Yet, the ALJ found that the evidence did not support the opinions of Dr. Gurtunca and P.A. Nino that Plaintiff required 24-hour adult supervision. AR at 22, 24-25.

> Although [Physician's Assistant Nino] answered the question as to whether the claimant would need 24 hours adult supervision with a "yes," he [sic] also specifically asserted that the claimant would need supervision testing his glucose and administering insulin. The undersigned finds that his [sic] assertion, like that of Dr. Gurtunca, was that the claimant needed supervision to test his glucose and administer insulin, and not that he had to be watched 24 hours a day.

AR at 24-25, citing AR at 915, 919.

The ALJ explained that Plaintiff was "generally taking care of things independently" and "was not always supervised by his parents" AR at 24-25; see also AR at 24, 706 ("his care is not always supervised"), AR at 972 ("He is not always supervised by his parents"), AR at 977 ("He is not always supervised for his insulin injections"), AR at 989 ("[Plaintiff] reports giving 33 units of long acting at 9 pm daily. . . . He is not always supervised for his insulin injections"). The ALJ noted Plaintiff's testimony that, while his mom gave him reminders, he "would still handle mostly everything on his own." AR at 22. The ALJ also discussed Plaintiff's mother's report that he was "very responsible and took care of his diabetes independently." AR at 24. This is consistent with Plaintiff's administrative hearing testimony, wherein he stated that after a fire destroyed the family home, he was not living with his mother, but with his two brothers at a friend's house, and was "for the most part . . . doing everything"

8

himself. AR at 13. He explained that he checked his ketones when he first woke up, and he also checked his glucose monitor to gauge whether he should correct it and take insulin. AR at 132. The process was "pretty much the same" as when he was living with his mother. AR at 133.

In this case, the ALJ properly followed the three-step sequential evaluation process and the Court finds substantial evidence to support the ALJ's opinion that Plaintiff was not markedly limited in two or more domains or extremely limited in one domain of functioning. The Court also finds substantial evidence to support the ALJ's opinion that Plaintiff did not require 24-hour supervision of his insulin treatment, food intake, and physical activity to ensure his survival. Accordingly, the ALJ's assessment of whether Plaintiff functionally equals a listing is affirmed.

### C.    Whether the Appeals Counsel Properly Evaluated the Evidence Submitted After the ALJ's Decision and Found It Did Not Provide a Basis for Remand

Next, Plaintiff argues that the Appeals Council erred when it evaluated the evidence he submitted after the ALJ's decision and concluded it did not provide a basis for remand. ECF No. 12 at 20-22. By notice dated June 2, 2025, the Appeals Council explained that it considered the evidence submitted by Plaintiff after the ALJ's decision, but found the evidence dated June 24, 2024 was not new because it was a copy of evidence already in the record. AR at 2. Regarding additional medical records dated July 4, 2024 through August 8, 2024, (which existed at the time of the ALJ's August 21, 2024 decision) the Appeals Council stated, "[w]e find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." AR at 2. Plaintiff seeks consideration of these records because they reflect that Plaintiff was hospitalized in July 2024 and was treated in the Endocrinology Department at Children's Hospital on August 8, 2024, which arguably bolsters the claim that Plaintiff needs 24-hour supervision and that the ALJ erred in considering the opinions of Dr. Gurtunca and PA Nino. ECF No. 12 at 21.

"[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence." Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001). "[W]hen the claimant seeks to rely on evidence that was not before the ALJ, the district court may remand to the Commissioner but only if the evidence is new and material and if there was good cause why it was not previously presented to the ALJ (Sentence Six review)." Id. at 593; see also 42 U.S.C. § 405(g) (providing, inter alia, that the court may remand the case to the Commissioner and "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding"). Evidence is "new" if it is "not merely cumulative of what is already in the record." Szubak v. Sec'y of Health & Human Servs., 745 F.2d 831, 834 (3d Cir. 1984) (citations omitted). "To be material, there 'must be a reasonable probability that the new evidence would have changed the outcome' of the Commissioner's decision." Miller v. Comm'r Soc. Sec., 732 F. App'x 162, 165–66 (3d Cir. 2018) (quoting Beety-Monticelli v. Comm'r of Soc. Sec., 343 F. App'x 743, 747 (3d Cir. 2009) and Szubak, 745 F.2d at 833). Finally, a finding of "good cause" "requires 'some justification for the failure to acquire and present such evidence to the [Commissioner].'" Szubak, 745 F.2d at 833 (quoting Brown v. Schweiker, 557 F. Supp. 190, 192 (M.D. Fla. 1983)).

In his Brief in Support of the Motion for Summary Judgment, Plaintiff does not address the good cause requirement, ECF No. 12 at 20-22, which on its own, is a basis for denial of the request for remand. Byers v. Bisignano, No. 1:25-CV-00520, 2026 WL 267454, at *5 (M.D. Pa. Feb. 2, 2026) (denying request for sentence six remand based on lack of good cause without

addressing whether evidence was new or material). There is no explanation for why this evidence was not provided to the ALJ prior the issuance of the ALJ's decision.[6]

Accordingly, the Court finds no basis for remand under sentence six and affirms the decision of the Appeals Council.

## IV.    CONCLUSION

Accordingly, for all of the foregoing reasons, the Court finds that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's decision. It will therefore affirm.

AND NOW, this _____ day of July 2026, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary, ECF No. 11, is DENIED and the Commissioner's decision denying Plaintiff's claims for SSI under the Social Security Act is AFFIRMED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order, he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court.

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:    All counsel of record via CM/ECF

---

[6]    Even so, a portion of the proposed evidence was already in the record, AR at 2, citing AR 1082-1159, and the remainder of the proffered evidence reflects hospitalizations for diabetic ketoacidosis, which had occurred on other occasions and was considered by the ALJ. AR at 24 (describing May 2024 emergency room visit due to food poisoning and diabetic ketoacidosis, and a June 2024 hospital admission due to diabetic ketoacidosis).